# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No.: 1:12-cv-04105-JEO ) ) |
| GERALD D. TANKERSLY, SR., | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the court on Plaintiff PNC Bank, National Association's Motion for Partial Summary Judgment (doc. 8), filed May 13, 2013. This case arises from Defendant Gerald Tankersly's alleged default on a promissory note. (Doc. 1 at ¶¶ 5-9). In response to the default, Plaintiff filed the instant lawsuit, which contains three causes of action: (1) breach of contract on the note, (2) breach of contract on the mortgage, and (3) breach of contract on the assignment of rents. (Doc. 1). Defendant was properly served on February 23, 2013. (Doc. 5), *see* FED. R. CIV. P. 4(e)(2)(B). However, he failed to answer or otherwise defend this action. While Plaintiff would have been entitled to move for entry of default judgment, it has elected instead to pursue a partial entry of summary judgment. (Doc. 8). Specifically, Plaintiff has moved for summary judgment on the breach of contract claim related to the promissory note. (Doc. 8-1 at 3-4). Plaintiff further indicated that in the event it was successful on its motion for summary judgment as to the first claim, it would dismiss the remaining claims. (*Id.*). The court has made Defendant aware of his obligations under Rule 56, but Defendant did not file any response in opposition to

the motion. (Doc. 9). For the reasons explained in detail below, the undersigned recommends that Plaintiff's Motion for Partial Summary Judgment be granted.

**I.      FACTS**

On May 21, 2008, Defendant executed a promissory note whereby he agreed to pay RBC Bank[1] "the principal amount of One Hundred Sixty-one Thousand One Hundred Fifty-four & 25/100 Dollars ($161,154.25), together with interest at the rate of 6.500% per annum on the unpaid principal balance from May 21, 2008, until paid in full." (Promissory Note, Doc. 8-2). Defendant is in default under the terms of the promissory note for failure to make payment as required thereunder following maturity. (Affidavit of Michael L. Brown, Doc. 8-2). As of May 13, 2013, the indebtedness remaining unpaid totals $188,524.67, "consisting of a remaining principal balance of $138,363.49, accrued interest in the amount of $18,060.58, late charges of $8,636.99, with additional interest accruing thereafter at the *per diem* rate of $24.98, together with stipulated (15%) attorney's fees ... in the amount of $24,463.61." *Id.*

**II.     SUMMARY JUDGMENT STANDARD**

Summary judgment is to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be

---

[1] Plaintiff PNC Bank, National Association is the successor by merger of RBC Bank. (Affidavit of Michael L. Brown, Doc. 8-2).

decided at trial.  Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case which he bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a)-(b).  Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e) (internal quotation marks omitted)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, the movant may not merely rest on the pleadings.  *Id.* The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322.

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the motion before granting summary judgment. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the

evidentiary materials on file at the time the motion is granted but must ensure that the motion itself is supported by evidentiary materials. *Id.* In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment should "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

## III.   DISCUSSION

The undisputed evidence presented by Plaintiff establishes that Defendant is in default under the promissory note. "[A] promissory note is *prima facie* evidence of the holder's right to 'recover the face [amount] of the note, interest, and, upon proof of their value [and where the note so provides], its attorney's fees.'" *Wells Fargo, N.A. v. Small*, No. CIV.A. 10-0578-CB, 2011 WL 2940971, at *14-*15 (S.D. Ala. July 21, 2011) (second and third alternations in original) (citing *Chilton Warehouse & Mfg. Co. v. Lewis*, 57 So. 100, 101 (Ala. App. 1911)). Thus, Plaintiff has established a prima facie case of liability against Defendant through the Affidavit of Michael L. Brown (doc. 8-2) and the promissory note (doc. 8-2). *Id.*

The evidence establishes that Defendant is liable to Plaintiff in the total amount of $188,524.67. (Affidavit of Michael L. Brown, Doc. 8-2). Defendant has offered no evidence to controvert the Plaintiff's assertions or the facts in the record. Because there is no issue of material fact, summary judgment is appropriate as to Count I in the amount of $188,524.67 plus additional interest accruing since May 13, 2013 at the *per diem* rate of $24.98.[2]

---

[2] Generally, default judgment is appropriate in cases where a party has failed to appear or otherwise defend the action. However, there is nothing that precludes Plaintiff from moving for summary judgment in this case. *See Employers Mut. Cas. Co. v. Salyer*, 3:11CV210-HTW-LRA, 2012 WL 3777023 (S.D. Miss. Aug. 29, 2012); *Am. S. Ins. Co. v. Hayslett*, 4:09CV1850 SNLJ, 2011 WL 3444219 (E.D. Mo. Aug. 8, 2011). This is especially true in light of the more stringent standard required by FEDERAL RULE OF CIVIL PROCEDURE 56 and because Plaintiff is not seeking damages in excess of what was requested in the complaint. *But cf.*, *Cont'l Ins. Co. v. Huff Enters.*, No. 07-cv-3821 (NGG), 2009 WL 3756630, at *2 (E.D. NY Nov. 6, 2009).

IV.     **CONCLUSION**

Premised on the foregoing, the undersigned recommends that the Plaintiff's Motion for Partial Summary Judgment (doc. 8) be granted on the breach of contract claim for the promissory note.  Any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

**DONE** this 17th day of July, 2013.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge